BOGART & CO. *v.* FESTUS J. WADE, RECEIVER FOR MISSOURI & NORTH ARKANSAS RAILROAD COMPANY.

Opinion delivered January 14, 1918.

1. CARRIERS—RELATIONSHIP BETWEEN SHIPPER AND CARRIER, ESTABLISHED, WHEN.—The relationship of shipper and carrier is established when the possession of the goods passes to the carrier, and nothing remains to be done by the shipper.

2. CARRIERS—DAMAGE TO COTTON ON PLATFORM—DELIVERY—PEREMPTORY INSTRUCTION.—Where cotton, on a carrier's platform, was destroyed by fire, and the evidence is conflicting as to whether the cotton had been delivered to the carrier for shipment, *held,* it was proper for the trial court to refuse to give a peremptory instruction in favor of the shipper, in an action against the carrier for loss by fire.

3. EVIDENCE—COMMUNICATIONS BETWEEN AGENT AND PRINCIPAL.—In an action against a railway for loss of cotton by fire, it was contended that the cotton had not been delivered by the shipper to the carrier for shipment. *Held,* testimony by one M. as to conversations with one B., the shipper's agent, and B.'s statement to M. of his instructions from the plaintiff, received by 'phone, are admissible.

Appeal from Cleburne Circuit Court; *John I. Worthington,* Judge; affirmed.

*Mehaffy, Reid & Mehaffy,* for appellant.

1. A verdict should have been directed for appellant. The railroad is liable unless it shows that the property was placed on its platform without its consent, or

solely upon the condition that the company shall not be liable for damages. 86 Me. 422; 31 Ind. 143; 77 *Id.* 322; 27 S. W. 728; 120 Ark. 595. See also 8 Allen 438; 91 U. S. 454; 86 Ark. 289.

2. Plaintiff's instruction No. 2 should have been given as asked, without modification. 12 S. W. 843.

3. Hearsay evidence was admitted.

*W. B. Smith, J. Merrick Moore* and *H. M. Trieber,* for appellee.

1. Appellant's request for a peremptory instruction was properly denied. A proper case for a jury was made. 120 Ark. 595; 87 Ark. 26-32; 60 *Id.* 333-8.

2. No error of which appellant can complain was committed in the modification of instruction No. 2. 88 Ark. 204.

3. Musick's testimony was proper as to Baxter's report of Bogart's instructions to place the cotton on the platform. Bogart was a party to the suit and the declaration was against his interest.

HUMPHREYS, J. Home Insurance Company brought suit in the name of W. F. Bogart & Co. for its use against appellee in the Cleburne Circuit Court to recover $750 for the alleged damage done by fire to a lot of cotton placed on appellee's platform at Heber Springs, Arkansas, by W. F. Bogart & Co.

Appellee denied liability on account of the damage done by fire.

W. F. Bogart & Co. placed eighty-eight bales of cotton on appellee's shipping platform at Heber Springs, Arkansas, which was damaged to the extent of $750 by fire caused by the emission of sparks from appellee's engine. W. F. Bogart & Co. had insured the cotton against loss by fire with appellant, Home Insurance Company. The Home Insurance Company paid the loss to W. F. Bogart & Co. and procured an assignment of its cause of action against appellee.

Upon authority of said assignment appellant brought and prosecuted this suit upon the theory that the cotton

was placed upon the platform by W. F. Bogart & Co. and received by appellee in the usual way for shipment. Appellee defended upon the theory that the cotton was not placed upon the platform for shipment by W. F. Bogart & Co., but that it was placed on said platform over the protest of the railroad company and was left there at the risk of W. F. Bogart & Co.

(1) It is insisted by appellant that the undisputed evidence disclosed that the cotton was placed upon the platform and accepted by the railroad company for shipment; therefore, that the court erred in refusing to peremptorily instruct a verdict for it. The test as to whether the relation of shipper and carrier had been established is, Had the control and possession of the cotton been completely surrendered by the shipper to the railroad company? Whenever the control and possession of goods passes to the carrier and nothing remains to be done by the shipper, then it can be said with certainty that the relation of shipper and carrier has been established. *Railway Co.* v. *Murphy,* 60 Ark. 333; *Pine Bluff & Arkansas River Ry.* v. *McKenzie,* 75 Ark. 100; *Matthews & Hood* v. *St. L., I. M. & S. Ry. Co.,* 123 Ark. 365.

It is undisputed that the fire which caused the damage originated from sparks emitted by appellee's engine; that in the months of January and February, 1915, William Baxter purchased cotton in and about Heber Springs, Arkansas, for W. F. Bogart & Co., and placed same on appellee's shipping platform; but the evidence is conflicting as to whether the cotton was placed on the platform for immediate shipment. On direct examination G. W. Musick, agent for the railroad company, testified that he told William Baxter, purchasing agent for W. F. Bogart & Co., not to place the cotton on the platform unless it was intended for immediate shipment, and that if he left it there without taking bill of lading out for same, the railroad company would not be responsible for damage to it by fire; that if left there it would have to be at the risk of W. F. Bogart & Co. On cross-examination he wavered somewhat and declined to state definitely

whether he used either the word "risk" or "fire" or both. He stated that Baxter told him he would notify W. F. Bogart & Co. of the situation by telephone, and afterwards informed him that W. F. Bogart 'phoned him to place it on the platform; that he was putting it there for shipment and had more to haul; that he never issued a bill of lading to persons who had from 40 to 100 bales of cotton to ship until they got it all hauled and on the platform; that he received the cotton like he always received cotton, with the understanding that it would be shipped when it was all hauled in.

William Baxter testified that in the month of February, 1915, he purchased and placed on the platform eighty-eight bales of cotton for W. F. Bogart & Co.; that his instruction was to place the cotton on the platform for shipment in a day or two; that the agent objected to him putting the cotton on the platform until ready to take out bill of lading; that he then called up Mr. Bogart and was instructed to go ahead and put the cotton on the platform; that the agent stated he would not be responsible for anything in the way of a loss from fire or otherwise, for it was against the rules of the company to let it be placed there under such conditions.

The cotton remained upon the platform eight or ten days, without any shipping orders being given, before injured by fire.

(2)    Under the facts in this case, the most favorable statement in behalf of appellant is that the evidence was conflicting as to whether the cotton was placed on the platform and received by the railroad company for shipment.    It certainly can not be said that the undisputed evidence showed that the control and possession of the cotton had passed out of W. F. Bogart & Co. into the railroad company.    It being uncertain as to whether there was a completed delivery, the court did not err in refusing to give the peremptory instruction in favor of appellant.

It is insisted, however, by appellant that the court erred in modifying instruction No. 2, offered by appellant.    That instruction is as follows:    "If you find from

the evidence in this case, either direct or circumstantial, that fire was caused or set out by an engine on the Missouri & North Arkansas Railroad, destroying the property mentioned in plaintiffs' complaint and the cotton was placed on the platform in the usual way, then the defendants are liable, and it is wholly immaterial whether the defendants were guilty of any negligence or not. If fire were set out by the locomotive and destroyed the property, your verdict must be for the plaintiffs.''

The court modified the instruction by inserting the words ''for shipment'' after the word ''way.'' We think the instruction as originally asked was too indefinite and uncertain to convey any real meaning to the jury. It was necessary to insert the words ''for shipment'' in order to present the real and only issue in the case. The only issue in the case was whether or not the cotton was placed on the platform for immediate shipment and received by the railroad company for that purpose.

(3) It is insisted that the court erred in permitting G. W. Musick to testify concerning statements which Baxter told him were made to Bogart and by Bogart made to Baxter with reference to placing the cotton on the platform. When the agent objected to Baxter placing the cotton on the platform, Baxter reported the situation to Bogart by telephone. Bogart then instructed Baxter to leave the cotton on the platform and Baxter reported the attitude of Bogart to Musick. In conveying the message from Musick to Bogart and Bogart's response to Musick, Baxter was acting within the scope of his authority, and we think the evidence clearly admissible. The court did not err in admitting it.

The judgment is affirmed.